IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| LAWRENCE M. JACKSON, | ) **DISMISSAL ORDER** |
|---|---|
| Plaintiff, | ) Case No. 2:08-CV-382 TC |
| v. | ) District Judge Tena Campbell |
| CLINT FRIEL et al., | ) |
| Defendants. | ) |

---

Plaintiff/inmate, Lawrence M. Jackson, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*, *see* 28 *id.* 1915.[1] The Court now screens his complaint, with his "amended complaint," under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

Plaintiff names as defendants: Warden Steven Turley, Assistant Attorney General Joni Jones, and the Utah Attorney General's Office (AG). His claims involve inadequate medical care, both for his diabetes and ailing back; denial of access to the courts, stemming from alleged confiscation of his legal papers; and violation of the American Disabilities Act (ADA).

---

[1] As an aside, the Court notes that Plaintiff has already accrued two "strikes" in this Court. *See* 28 U.S.C.S. § 1915(g) (2009); *Jackson v. Friel*, No. 2:03-CV-533 DAK (D. Utah March 22, 2005) (dismissing prisoner civil rights complaint for failure to state a claim); *Jackson v. Hawkins*, No. 2:98-CV-653 DKW (D. Utah Apr. 22, 1999) (same), *aff'd*, Nos. 99-40698, 99-04098 (10th Cir. Apr. 22, 1999).

**ANALYSIS**

**1. Grounds for Sua Sponte Dismissal**

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278,

1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Improper Defendants

#### a. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

Based on this standard, Plaintiff has done nothing to affirmatively link any of the defendants to a violation of his constitutional rights. Plaintiff's claims against them may not survive this screening then.

#### b. Eleventh Amendment Immunity

As an alternative basis for dismissing the AG as a defendant, the Court reviews Eleventh Amendment immunity.

4

"Whether a defendant is immune from suit under the Eleventh Amendment is a question which goes to the court's subject matter jurisdiction." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Thompson v. Colorado*, 278 F.3d 1020, 1023-24 (10th Cir. 2001)). Generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Id.* (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the AG has waived its immunity or that it has been abrogated by Congress. The AG is an arm of the state for sovereign-immunity purposes. *See id.* at *8-9. Because the claims against the AG are precluded by Eleventh Amendment immunity, the Court has no subject-matter jurisdiction to consider them. *See id.* at *9. And, the AG must be dismissed as a defendant.

### 3. Improper Claims

Also alternatively, as to Plaintiff's claims of confiscation of his legal papers and the ADA violation, they are based on "bare assertions," *Iqbal*, 129 S. Ct. at 1951, with no specific factual support. In fact, the confiscation-of-legal-papers claim is not even comprehensible. The lack of specifics and clarity of these claims provides another basis for their dismissal.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2009).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **TERMINATED**.

DATED this 19th day of January, 2010.

BY THE COURT:

_____
CHIEF JUDGE TENA CAMPBELL
United States District Court